**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § § § | |
| **v.** § § | **Cause No. DR:19-CR-01401-KC(1)** |
| **SENON VILLANUEVA aka Bear** § § | |

## ORDER REVOKING PROBATION

On May 5, 2020, came to be considered the petition for revocation of probation in the above styled and numbered cause. The Defendant appeared in person by and through his counsel of record and the Government appeared by and through its Assistant United States Attorney. After hearing the evidence, the Court found that the defendant, **SENON VILLANUEVA aka Bear**, had violated the conditions of probation imposed by virtue of the judgment entered herein on October 7, 2019 in that he used a controlled substance to wit: cocaine in violation of a standard condition of his conditions of probation. The Court further found that continuing defendant on probation would no longer serve the ends of justice, and that the petition for revocation of probation should be granted. It is therefore **ORDERED** that the petition for revocation of probation filed herein on February 19, 2020 be, and it is hereby, **GRANTED**.

It is further **ORDERED** that the probation of defendant **SENON VILLANUEVA aka Bear** be, and it is hereby, **REVOKED**.

It is further **ORDERED** that the defendant is hereby, committed to the custody of the Bureau of Prisons for a period of Time Served.

It is further **ORDERED** that upon release from custody, the defendant shall be on supervised release for a term of three (3) years. While on supervised release, the defendant shall comply with the mandatory and standard conditions that have been adopted by this Court and

ordered in the original judgment dated October 7, 2019; and shall comply with the following additional conditions:

| | |
|---|---|
| X | The defendant shall submit his or her person, property, house, residence, vehicle, papers, [computers as defined in 18 U.S.C. Section 1030(e)(1), other electronic communications or data storage devices or media,] or office to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner. |
| X | The defendant shall participate in a program approved by the Probation Officer for impatient treatment of narcotic addiction or drug or alcohol dependency with the Veterans Administration (VA). |
| X | The defendant shall participate in the Home Confinement program while awaiting impatient treatment with the VA.  During this time, the defendant shall remain at his/her place of residence, except for employment and other activities approved in advance by the Probation Officer.  The defendant shall maintain a telephone at his/her place of residence without "call forwarding," a "modem", "caller ID," "call waiting," or portable cordless telephones for the above period.  At the direction of the Probation Officer, the defendant shall wear an electronic monitoring device and follow electronic monitoring procedures specified by the Probation Officer.  The Court further orders that the defendant shall pay for costs of Home Confinement, as directed by the Probation Officer. |

**SO ORDERED.**

**SIGNED** this 6th day of May, 2020.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE